UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 11-22163-CIV-MARTINEZ-MCALILEY

MAYNOR CENTENO,

   Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

   Defendant.
_____/

## ORDER COMPELLING ARBITRATION AND CLOSING CASE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss and Compel Arbitration (D.E. No. 7) and Plaintiff's Motion for Remand (D.E. No. 10). After careful consideration and for the reasons set forth below, the Court compels arbitration and denies the motion to remand.

### I. Relevant Factual and Procedural Background

Plaintiff Maynor Centeno ("Plaintiff") alleges that he was employed by Defendant NCL (Bahamas) Ltd. ("Defendant") as a member of the crew of the *Norwegian Sky*.[1] Plaintiff states that in September 2010 "[w]hile moving a garbage bin in the garbage storage area, Plaintiff injured . . . his left shoulder." *Id.* at ¶ 9. Plaintiff alleges that he was injured due to the fault and negligence of Defendant. *Id.* at ¶ 10. Plaintiff also alleges that Defendant "negligently failed to provide Plaintiff with prompt, proper [and] adequate" medical care. *Id.* at ¶ 29. Plaintiff filed suit against Defendant in the Eleventh Judicial Circuit in and for Dade County in a five-count

---

[1] Plaintiff's complaint references a vessel called the *Norwegian Pearl,* but both parties refer only to the *Norwegian Sky* in their pleadings.

complaint. Plaintiff alleged a claim for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, failure to treat, and seeking wages and penalties pursuant to 46 U.S.C. § 10313 and 46 U.S.C. § 10501. Defendant removed this action to this Court pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and its implementing legislation, 9 U.S.C. § 202, *et seq.* (D.E. No. 1).

It is undisputed that the vessel, *Norwegian Sky*, is a Bahamian flagged vessel. It is also undisputed that Plaintiff signed a catering personal employment agreement ("Agreement"). Paragraph 12 of the Agreement provides in relevant part:

> 12. Arbitration - Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled and whether asserted against Company, Master, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention") . . . The place of the arbitration shall be the Seaman's country of citizenship, unless arbitration is unavailable under the Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel.

(D.E. No. 7-2, Agreement at ¶ 12). The Agreement also provides that the "Employee and the employment relationship established hereunder shall at all times be subject to and governed by the CBA," which is the collective bargaining agreement between Defendant and the Norwegian Seafarer's Union ( "CBA"). *Id.* at ¶ 1. Article 8, Section 7 of the CBA provides in relevant part:

> 7. Arbitration
>    a. The NSU, Seafarer and NCL agree that all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seafarer's shipboard employment with NCL including, but not limited to, claims such as personal injuries,

> Jones Act claims, actions for maintenance and cure, unseaworthiness, or otherwise, no matter how described, pleaded or styled, and whether asserted against NCL, Master, Employer, Ship Owner, Vessel or Vessel Operator, and any complaints or disputes between the NSU and NCL not resolved through good faith negotiations shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards . . . .

(D.E. NO. 7-1, CBA at 12). Defendant has now moved to compel arbitration, and Plaintiff has moved to remand this action back to state court, arguing that the arbitration clause is void.

## II. Analysis

"In deciding a motion to compel arbitration under the Convention Act, a court conducts a very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (internal quotations and citations omitted). First, the Court must consider whether four jurisdictional prerequisites are met. *Id.* These four conditions are as follows:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Id.* at 1294 n. 7. If these four conditions are met, the Court must then consider whether an affirmative defense under the Convention bars arbitration. *Id.* at 1294.

Here, Plaintiff has not argued that one of the four jurisdictional factors are absent, and it is clear that the four jurisdictional factors are met. Namely, there is an agreement in writing, this agreement provides for arbitration in countries which are all signatories to the Convention, the agreement arises out of a legal relationship that is considered commercial, and neither Plaintiff nor Defendant is an American citizen. Instead, Plaintiff argues relying on *Thomas v. Carnival*

*Corp.*, 573 F.3d 1113 (11th Cir. 2009) that the arbitration provisions are void based on Article V of the Convention, which provides:

> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country.

Article V(2)(b). This defense is actually codified as a defense to the enforcement of arbitral awards rather than as an affirmative defense to enforcement of arbitration itself. *Id.* However, in *Thomas*, the Eleventh Circuit treated it as an affirmative defense. *See Thomas*, 572 F. 3d at 1120. In this case, Plaintiff argues that the enforcement of the arbitration agreement is contrary to public policy under *Thomas* and unenforceable under the amendments to the Jones Act that incorporate the Federal Employers' Liability Act ("FELA"). Plaintiff asks that the case be remanded back to state court as this unenforceable agreement was the basis of the removal. The Court finds the arbitration provision is enforceable, grants the motion to compel arbitration, and denies the motion to remand.

First, the Court finds that Plaintiff cannot rely on *Thomas* based on the Eleventh Circuit's more recent ruling in *Lindo v. NCL, Ltd.*, 652 F.3d 1257 (11th Cir. 2011). In *Lindo*, the Eleventh Circuit rejects *Thomas* and finds that the defense asserted in *Thomas* that the arbitration provision was unenforceable due to public policy is not available at the initial arbitration-enforcement stage where the parties are proceeding towards arbitration and is only available when a party is attempting to enforce an arbitral award. *Id.* at 1278. The only defenses available at this initial arbitration-enforcement stage are defenses such as fraud, mistake, duress, and waiver. *Id.* Plaintiff has not made any arguments that these defenses apply. Accordingly, the Court compels arbitration.

-4-

The Court acknowledges that its finding in this case is a departure from its statements in *Rawlings v. Carnival Corp.*, Case No. 11-20647-CIV, Order Compelling Arbitration and Closing Case. In that case, the Court found that *Lindo* was "persuasive but as *Lindo* is a panel opinion, it does not overrule *Thomas*. *See Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1015 n. 16 (11th Cir. 1998) (stating that 'the law in this circuit is that only the entire court sitting en banc can overrule a prior panel opinion in the absence of an intervening Supreme Court decision.')" (D.E. No. 55 at 6, in Case No. 11-20647-CIV). The Court recedes from this ruling.[2]

In *Lindo*, the court stated that "[t]o the extent *Thomas* was applying Article II, *Thomas* failed to follow our precedent in the Article II case of *Bautista* [*v. Star Cruises*, 396 F. 3d 1289 (11th Cir. 2005)]." 652 F. 3d at 1278. The *Lindo* Court explained:

> *Thomas* failed to follow *Bautista's* holding that limited the "null and void" clause's application to "only those situations—such as fraud, mistake, duress, and waiver—that can be applied neutrally on an international scale." *Id.* at 1302 (quotation marks omitted). *Thomas's* creation of a new public policy defense under Article II—based on the elimination of a U.S. statutory claim under the Seaman's Wage Act—by definition cannot be applied "neutrally on an international scale," as each nation operates under different statutory laws and pursues different policy concerns. *Thomas* wholly failed to subject *Thomas's* public policy claim to *Bautista's* test for "null and void" defenses available under Article II. *Compare Thomas*, 573 F.3d at 1120–24, *with Bautista*, 396 F.3d at 1302. Thus, to the extent *Thomas* allowed the plaintiff seaman to prevail on a new public policy defense under Article II, *Thomas* violates *Bautista* and our prior panel precedent rule. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir.1997) ("Under the prior panel precedent rule, we are bound by earlier panel holdings ... unless and until they are overruled en banc or by the Supreme Court.").

*Id. Lindo*, *Thomas*, and *Bautista* are all panel opinions. Although *Lindo* rejects *Thomas*, it rejects *Thomas* saying it is inconsistent with a prior decision, *Bautista*. "When faced with an

---

[2]The Court will docket a copy of this Order in the *Rawlings* case, which is currently on appeal.

-5-

intra-circuit split we must apply the 'earliest case' rule, meaning 'when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). The *Lindo* decision resolves a split in the circuit between *Thomas* and *Bautista* and then follows *Bautista*, the earliest case. Accordingly, *Lindo* is final and binding on this Court.[3]

Finally, the Court also finds that compelling arbitration under the Agreement and the CBA is not barred by the amendments to the Jones Act that incorporate FELA. The Eleventh Circuit has recently rejected this argument. *See Lindo*, 652 F.3d at 1286-87. Accordingly, the Court concludes that these amendments do not prevent arbitration. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss and Compel Arbitration (D.E. No. 7) is **GRANTED in part** and **DENIED in part**. The motion is granted in that the Court compels arbitration as discussed above. The Clerk is **DIRECTED** to mark this case as **ADMINISTRATIVELY CLOSED**. If appropriate, the parties may move to reopen this case at the conclusion of arbitration. All pending motions, not otherwise ruled on, are **DENIED as MOOT**.

2. Plaintiff's Motion for Remand (D.E. No. 10) is **DENIED**.

---

[3]The Court acknowledges that Plaintiff made certain arguments that *Lindo* is not good law because the parties in *Lindo* settled before the Court entered a mandate. This, however, is a matter for the Eleventh Circuit to consider. The mandate in *Lindo* has issued and it remains binding and controlling precedent. The Court also disagrees that *Lindo* is in conflict with *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054 (11th Cir. 1998). *Paladino* is not a case involving the Convention.

3.  Plaintiff's Motion to Stay this Matter Pending and En Banc Decision from the Eleventh Circuit (D.E. No. 28) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ⟨ day of March, 2012.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record